LAVERY & SIRKIS, ESQUIRES
699 Washington Street
Suite 103
Hackettstown, NJ 07840
(908) 850-6161
Joan Sirkis Lavery, Esq.
ID#JL4841
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>　　　John Patrick Carey<br><br>Debtor, | CHAPTER 13<br><br>CASE #15-13212<br><br>Honorable Vincent F. Papalia |
| John Patrick<br>Plaintiff<br><br>Vs.<br><br>Robert Delvecchio, Trustee of Robert DelVecchio Pension Trust | Adv. Pro #<br><br>COMPLAINT TO AVOID TRANSFER AS A FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. SECTION 548 (a) (1) |

The Debtor, John Patrick Carey, by and through his attorney, Joan Sirkis Lavery Esq., hereby brings this Complaint against, Defendant, Robert DelVecchio, Trustee for the Robert DelVecchio Pension Trust, to avoid a fraudulent transfer and recover property pursuant to 11 U.S.C. section 548, and other related relief. In support of the Complaint, the Debtor respectfully allegesas follows:

### PARTIES

1. The Plaintiff, John Patrick Carey is a Debtor in the above captioned bankruptcy case

having filed a voluntary Chapter 13 petition on February 25, 2015 (the "Petition Date").

2. The Debtor continues to reside in the property.

3. The Debtor's address is 836 Bloomfield Street, Hoboken, NJ 07030.

4. Upon information and belief, the Defendant, Robert Delvecchio, Trustee of Robert Del Vecchio Pension Trust, is a resident of the State of New Jersey.

## JURSIDICTION AND VENUE

5. This is an adversary proceeding instituted pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

6. The Court has jurisdiction over this adversary proceeding and the claims asserted herein pursuant to 28 U.S.C. section 1334(b).

7. This matter constitutes a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (H) and (O). Venue properly lies in the District of New Jersey pursuant to 28 U.S.C. section 1409(a).

## FACTS COMMON TO ALL COUNTS

8. Among the assets listed on the Debtor's bankruptcy schedules is his home located at 836 Bloomfield Street, Hoboken, N.J. 07030.

9. On or about January 22, 2013 the Defendant initiated a tax foreclosure complaint for outstanding tax liability of $134.98, bearing Docket No. F3059-13.

10. On or about July 15, 2013, Defendant obtained final judgment.

11. At the Time of the transfer, the Property was worth substantially more than the amount due on the Tax Sale Certificate.

### Count I

12. The Debtor received less than reasonably equivalent value for the transfer of the Property to Defendant.

13. The Debtor believed he was insolvent at the time the Property was transferred as he was unable to pay his debts as they came due.

14. By reason of the foregoing, said transfer is voidable pursuant to 11 U.S.C. 548 section(a)(1)(B) of the Bankruptcy Code.

WHEREFORE, Debtor demands judgment:

a) setting aside the transfer as fraudulent pursuant to 11 U.S.C. 548(a)(1)(B);

b) recovering the property on behalf of the bankruptcy estate pursuant to 11 U.S.C. 550 and 551;

c) compelling Defendant to take all steps necessary to restore title to the Debtor within 30 days from entry of judgment: and

d) such further relief as is just property and equitable.

Joan Sirkis Lavery, Esq.
Attorney for Plaintiff/Debtor

Dated: April 30, 2015          By: /s/ Joan Sirkis Lavery
                                   Joan Sirkis Lavery