| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>GOLDENBERG, MACKLER, SAYEGH, MINTZ,<br>PFEFFER, BONCHI & GILL<br>660 New Road, Suite 1-A<br>Northfield, NJ  08225<br>(609) 646-0222  FAX (609) 646-0887<br>Attorney for Robert DelVecchio, Trustee of Robert<br>DelVecchio Pension Trust (53818(25)) | |
| In Re:<br><br>JOHN PATRICK CAREY<br><br>                               Debtor, | Chapter 13<br><br>Case No.:   15-13212<br><br>Adv. No.:   15-01902-VFP |
| JOHN PATRICK CAREY<br><br>                               Plaintiff,<br><br>v.<br><br>ROBERT DELVECCHIO, TRUSTEE OF ROBERT<br>DELVECCHIO PENSION TRUST<br><br>                               Defendant | Judge:    Hon. Vincent F. Papalia<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, ROBERT DELVECCHIO, TRUSTEE FOR ROBERT DELVECCHIO PENSION TRUST TO PLAINTIFF'S COMPLAINT** |

## **PARTIES**

1.      It is admitted that on February 25, 2015 John Patrick Carey filed a Voluntary Chapter 13 Petition.

2.      It is admitted that Plaintiff continues to improperly occupy the property located at 836 Bloomfield Street, Hoboken, New Jersey.

3.      It is admitted that the Plaintiff continues to utilize the address of the property located at 836 Bloomfield Street, Hoboken, New Jersey.

4.      Denied as stated.  It is admitted that Robert DelVecchio is a resident of the State of New Jersey and the Trustee for the Robert DelVecchio Pension Trust.

## JURISDICTION AND VENUE

5.    Denied.  The allegations set forth in paragraph 5 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of those assertions and therefore, denies the same.

6.    Denied.  The allegations set forth in paragraph 6 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of those assertions and therefore, denies the same.

7. Denied.  The allegations set forth in paragraph 7 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of those assertions and therefore, denies the same.

## FACTS COMMON TO ALL COUNTS

8.    Denied.  The allegations set forth in paragraph 8 are conclusions of law to which no responsive pleading is required.  The content of the bankruptcy schedules filed by Plaintiff are matters of public record and, therefore, no response is required.  With regards to the property located at 836 Bloomfield Street, Hoboken, New Jersey the Defendant obtained Final Judgment by way of foreclosure prior to the filing of the within bankruptcy and is therefore the owner of the property.

9.    Denied as stated.  It is admitted that on or about January 22, 2013 Plaintiff filed a Complaint to foreclose the tax sale certificate which had been sold by the Tax Collector of the City of Hoboken for unpaid property taxes.  It is specifically denied that the redemption amount

of the Defendants tax sale certificate was $134.98 at the time of filing the tax foreclosure complaint.

10. Admitted.

11. Denied as stated. It is admitted that the final Judgment, along with the tax sale certificate, conveyed fee title to Robert DelVecchio, Trustee of the Robert DelVecchio Pension Trust. As to the remaining allegations the Plaintiff is left to its proofs.

## COUNT I

12. Denied.

13. Denied.

14. Denied.

WHEREFORE, Defendant demands Judgment:

    a) Dismissing this Adversary Complaint;

    b) Reasonable counsel fees and costs; and

    c) Such other relief as deemed just and equitable.

## FIRST SEPARATE DEFENSE

Failure to state a cause of action upon which relief may granted.

## SECOND SEPARATE DEFENSE

This is a bad faith filing in that the Debtor has and had substantial assets and is not insolvent.

## THIRD SEPARATE DEFENSE

The Defendant is actually the owner of the subject property, and this is a bad faith filing.

## FOURTH SEPARATE DEFENSE

The Debtor was not insolvent on the date of the Final Judgment or the date of filing.

## FIFTH SEPARATE DEFENSE

Debtor's Complaint is barred by unclean hands.

## SIXTH SEPARATE DEFENSE

Debtor's Complaint is barred by the Doctrine of Res Judicata.

## SEVENTH SEPARATE DEFENSE

Debtor's Complaint is barred by the Rooker-Feldman Doctrine.

## EIGTH SEPARATE DEFENSE

The Final Judgment issued by the Superior Court of New Jersey is not a Fraudulent Conveyance or Voidable Preference.

## NINTH SEPARATE DEFENSE

The Defendant acquired title to the subject property in accordance with the laws of the State of New Jersey and the Bankruptcy Court is barred from acting as an Appellate Court of review.


**GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL**
Attorneys for Robert DelVecchio, Trustee of Robert DelVecchio Pension Trust


  /s/ Francis J. Ballak
FRANCIS J. BALLAK, ESQUIRE (FJB 2746)

DATED:  May 29, 2015