

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI & GILL
660 New Road, Suite 1-A
Northfield, NJ 08225
(609) 646-0222  FAX (609) 646-0887
Attorney for Robert DelVecchio, Trustee of Robert
DelVecchio Pension Trust (53818(25))

In Re:

**JOHN PATRICK CAREY**

             Debtor,

**JOHN PATRICK CAREY**

             Plaintiff,

v.

**ROBERT DELVECCHIO, TRUSTEE OF
ROBERT DELVECCHIO PENSION TRUST**

             Defendant

Order Filed on July 31, 2015
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 13

Case No.:  15-13212

Adv. No.:  15-01902-VFP

Judge:  Hon. Vincent F. Papalia

## CONSENT ORDER MEMORIALIZING SETTLEMENT

The relief set forth on the following pages, numbered two (2) through two (4) is hereby

**ORDERED:**

DATED: July 31, 2015

                                                _/s/ Vincent F. Papalia_
                                        Honorable Vincent F. Papalia
                                        United States Bankruptcy Judge

HON. VINCENT F. PAPALIA, U.S.B.J.

1. The Debtor, John Carey shall pay to Robert Del Vecchio, Trustee of the Robert Del Vecchio Pension Trust (hereinafter "Del Vecchio") the total sum of $575,000.00 on or before September 8, 2015. In exchange for the above, Del Vecchio agrees to vacate the Final Judgment and reinstate title into the name of the Debtor.

2. The sum of $575,000.00 shall be made in two payments. First, the amount determined by the Hoboken tax collector to redeem the tax sale certificate in this matter shall be paid directly to the tax collector. This Consent Order shall authorize the tax collector to provide redemption figures and to accept redemption monies notwithstanding the fact that the Final Judgment will not be vacated until after she is in receipt of the money. The redemption sum provided by the tax collector shall redeem Del Vecchio's lien in full. The difference between $575,000.00 and the amount paid to the tax collector shall be paid to Del Vecchio by providing those funds to Keith A. Bonchi, Esquire who shall hold same in escrow until an Order is entered by the state court vacating the Final Judgment. Once the Final Judgment is vacated, Keith A. Bonchi, Esquire is authorized to release said monies to Del Vecchio.

3. Once the Final Judgment is vacated, Del Vecchio shall be authorized to surrender his tax sale certificate marked for cancellation to the tax collector to receive the redemption monies in the ordinary course.

4. Once the redemption monies have been posted and the additional monies have been paid to Keith A. Bonchi, Esquire to hold in escrow, a Consent Order

2

vacating Final Judgment shall be immediately forwarded to the Superior Court of New Jersey/Hudson County to vacate the Final Judgment. This Consent Order expressly provides relief from the automatic stay to authorize the state court judge to sign the Consent Order vacating Final Judgment and to allow both Del Vecchio and the Debtor to take all actions necessary to vacate the Final Judgment and restore title into the Debtor. The Debtor understands that Del Vecchio is only agreeing to vacate the Final Judgment so that title reverts back to the Debtor. Del Vecchio is not agreeing to deal with anything other than his municipal tax sale certificate and will discharge same in the ordinary course. After all monies are received, Del Vecchio shall dismiss the foreclosure with prejudice and discharge the Lis Pendens.

5.  If the full sum of $575,000.00 is not paid as set forth above on or before Tuesday, September 8, 2015, Del Vecchio shall be under no further obligation to vacate the Final Judgment in this matter. The Debtor agrees to dismiss the adversary action with prejudice and to stop taking any further action within the bankruptcy to challenge the title of Del Vecchio for property located at 836 Bloomfield Street, Hoboken, New Jersey. In addition, the Debtor agrees to dismiss the appeal pending in the Appellate Division of the New Jersey Superior Court. In sum, if the Debtor fails to comply with this Consent Order, the Debtor shall have no further rights either in state or federal court to challenge the validity of Del Vecchio's Final Judgment and shall be required to take any all actions to cease same.

6. This settlement encompasses both matters in state and federal court. In addition to having a Consent Order vacating Final Judgment in this matter, the Debtor agrees to dismiss the current appeal pending in the Superior Court of New Jersey/Appellate Division. This is intended to be a comprehensive settlement resolving any and all issues in this matter. The Debtor and Del Vecchio agree to release and give up any and all other claims against each other and this Consent Order shall act as not only a settlement agreement but a general release between the parties and all rights of the parties are contained within this Consent Order.

7. The parties shall cooperate with each other to the extent necessary to effectuate this settlement agreement and shall cooperate and execute the necessary documents to effectuate the above.

I hereby consent to the form of the within order:

**GOLDENBERG, MACKLER, SAYEGH,
MINTZ, PFEFFER, BONCHI & GILL**

_____
KEITH A. BONCHI, ESQUIRE
Attorney for Defendant, Robert Del Vecchio, Trustee
of the Robert Del Vecchio Pension Trust


**LAVERY & SIRKIS**

_____
JOAN S. LAVERY, ESQUIRE
Attorney for Debtor/Plaintiff,
John Patrick Carey

4